IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT MATTHEW ALEXANDER )
LITTLE, )
 )
      Plaintiff, )
 )
      v. )      1:23CV832
 )
GUILFORD COUNTY DETENTION )
CENTER, et al., )
 )
      Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in Guilford County, North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not appear to name a proper defendant. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Instead, he names the Guilford County Detention Center and the Guilford County Sheriff's Office as Defendants based on the alleged conduct of their employees. The Detention Center is a building, not a person. As for the Sheriff's Office, it is possible Plaintiff could name the Sheriff as a Defendant. However, he cannot do so simply because of actions by the Sheriff's employees. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor or employer do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Plaintiff also names Guilford County as a Defendant. It is not clear why he names the County. Again, he cannot do so simply because of the actions of a county employee. Also, under North Carolina law, the Sheriff, not the County, is responsible for the operations and policies of the Detention Center. See Cobbs ex rel. Cobbs v. County of Guilford, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July

31, 2012) (unpublished), rec. adopted as modified, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished). It is not clear how the County was involved in the events alleged in the Complaint. Plaintiff must name the persons who actually engaged in the actions he claims violated his rights.

2. Plaintiff's claims are somewhat unclear. He appears to allege that Defendants violated his rights under the First, Fourth, Fifth, Seventh, Ninth, and Tenth Amendments of the United States Constitution, as well as 18 U.S.C. § 1701, simply because they held his mail for four days. However, the statute he cites is a criminal statute related to the mail. Plaintiff cannot raise a civil cause of action under that statute. As for the constitutional amendments, sufficient interference with legal mail may violate the First and Fourteenth Amendments. However, even with legal mail, isolated incidents of legal mail being opened outside of an inmate's presence are not sufficient to state a claim for relief. Buie v. Jones, 717 F.2d 925, 926 (4th Cir. 1983). "Rather, an inmate must show that prison officials 'regularly and unjustifiably interfered with' his or her mail." Adkins v. Chandler, No. 2:19-cv-210, 2020 WL 885968, at *3 (S.D. W. Va. Feb 24, 2020) (citing cases). Plaintiff does not appear to allege such regular interference, only a relatively brief delay in a single instance. Nor is it clear that the mailing was legal mail given that it came from someone Plaintiff describes as friends trying to help him rather than a court or an attorney. It is also not clear how the alleged conduct violated any other constitutional amendments. Plaintiff must make his allegations clear.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 12th day of October, 2023.

/s/ Joe L. Webster
United States Magistrate Judge
